EDWARD V. GOODMAN, EXECUTOR OF JAMES E. GOODMAN, DECEASED, DEFENDANT IN ERROR, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

---

EDWARD V. GOODMAN, DEFENDANT IN ERROR, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

---

EDMUND MAYS, DEFENDANT IN ERROR, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

Argued July 11, 1911—Decided November 20, 1911.

1. The differences in the evidence taken in these cases and that taken at a former trial of the same cases (see 49 *Vroom* 317)— *Held*, not sufficient to have required the trial court to nonsuit or to direct a verdict for defendant.
2. The introduction in evidence of an answer to an interrogatory under section 140 of the Practice act of 1903 is not conclusive on plaintiff as to the matters of fact covered by such answer.
3. Under the conditions shown to have existed, a jury was justified in finding the communication of fire from the burning farm buildings of plaintiff Goodman's testator to those of plaintiff Mays, over a distance of one thousand one hundred and eighty feet.

4. A witness may refresh his memory from a written memorandum made by him or under his direction, even if such memorandum contains statements of fact other than those within the personal knowledge of the witness, so long as he does not undertake to give testimony therefrom that is beyond the limits of his own knowledge.

5. In an action for damages to real estate by fire set by a railroad locomotive, evidence of the cost of the buildings burned is relevant to the inquiry as to the damage sustained.

On error to the Supreme Court.

For the plaintiffs in error, *McCarter & English.*

For the defendants in error, *Clark McK. Whittemore.*

The opinion of the court was delivered by

PARKER, J. These writs of error bring up for review the judgments entered in the Supreme Court after a third trial of the three causes. All three were tried together before Mr. Justice Swayze at the Union Circuit, and verdicts rendered for the respective plaintiffs. Upon rule to show cause the verdicts were set aside except as to a minor claim which has never been seriously questioned. At the second trial the cases were submitted on the same evidence produced at the first trial, and the trial court, in view of the Supreme Court opinion on the rule to show cause (46 *Vroom* 277), excluded all but the minor claim from the consideration of the jury; but the resulting judgment being removed to this court by writ of error, we held that the case was one proper for submission to the jury upon all the claims. 49 *Id.* 317. Accordingly the suits were sent back and tried a third time, the old evidence not being used (except in the case of a deceased witness), but the witnesses being examined anew. Upon verdicts for the plaintiffs there were rules to show cause which were argued before the Supreme Court and subsequently discharged, and judgments entered which are now before us for review.

A number of assignments of error were argued and will be noticed in due course. The two principal ones are based on

the refusal to nonsuit, and to direct a verdict for defendant as to the main claim, which will be treated as if it were the only issue in the case.

The argument in favor of the nonsuit is that there was no evidence sufficient to go to a jury, or to warrant a jury in finding for plaintiff, on the question of communication of fire from defendant's engine. In our former decision, we held that there was; and the circumstances of the case, which were fully set forth in the opinion of the Chancellor (49 *Vroom* 317 *et seq.*), need not be here repeated. It is urged, however, that the opinion indicates that our decision in that regard rested mainly on the testimony of the witness Axel, who was not sworn or produced at the second trial; and that a different state of facts appears in the evidence now submitted. But we are clearly of opinion that the communication of fire was a question for the jury.

The conditions of hot, dry weather, continued drought, resulting in dryness of ground and buildings, proximity to the track, direction and force of the wind, all favored the setting of fire from such a spark, and when combined with the evidence that fire can be communicated by a spark at such a distance, and that the fire broke out almost immediately after the train passed, the sum total raises a legitimate inference for the jury that the fire was so communicated.

The point is made that plaintiffs nullified this inference and put their case out of court by putting in evidence certain interrogatories and answers as provided by section 140 of the Practice act, and especially the answer to the seventh interrogatory which declares that the defendant used all practicable means to prevent the escape of fire, &c., and for that purpose provided screens in its locomotive to arrest and prevent as much as practicable the escape of fire. But we see no force in this proposition. The answers, of course, are evidence, but they are evidence, at best, of an interested party, and of no more force than the testimony of one witness called for plaintiff contradicting that of a previous witness. The jury may select the testimony which appears to it most worthy of credence, and reject the other.

The nonsuit was therefore properly denied.

The claim that a verdict should have been directed is based on the voluminous evidence as to the character, condition and inspection of the spark-arresting screens. As was said in the former opinion (*49 Vroom 323*): "If it must be fully credited, and constituted the only evidence that bore upon the care exercised by the defendant, it demonstrated that the defendant had used 'all practicable means to prevent the communication of fire,' and had fulfilled its statutory duty." But it is contradicted in substantially the same way as before, viz., by testimony indicating that sparks did escape and were of sufficient size to travel over one hundred and fifty feet; and that such sparks would not escape from a screen that was in good order. It is true that this last point does not rest upon the admission of one of defendant's witnesses, as at the former trial; but there was evidence to that effect that the jury were warranted in considering, and with the weight of which, if of probative force, we are not here concerned. So, it would have been error to control the verdict on this point.

The next point argued relates to the Mays case alone, and it is that assuming the jury were entitled to find a verdict for plaintiffs in the Goodman cases, there was no evidence to show that the setting of the Goodman fire was the direct and proximate cause of the Mays fire. We have no difficulty whatever on this score. The Mays buildings were directly to leeward of the Goodman buildings and about one thousand one hundred and eighty feet away. The Goodman fire consumed in less than an hour the house, barns and outbuildings, vast volumes of smoke and sparks being blown toward the Mays property by the strong wind. There is no suggestion of another cause for the Mays fire, and that fire was first discovered on the roof of the ice house. So far from there being no evidence to justify a jury that the Mays fire resulted from the Goodman fire, we consider that there was ample evidence and that the jury was fully justified in so finding. Such a finding being warranted, the chain of causation is as complete as if the fire had spread over the ground, as in *Delaware, Lackawanna and Western Railroad v. Salmon, 10 Vroom 299,*

or as if it had been communicated by burning oil floating down stream, as in *Kuhn* v. *Jewett, 5 Stew. Eq.* 647.

We pass to certain questions raised on the admission and rejection of evidence, and relating to the charge.

The evidence of plaintiff's witness Pease about the effect of use on screens in engines of another railroad company was proper as tending to show the general tendency of screens to deteriorate under conditions substantially similar, and thus raise an inference that screens retained as long as defendant's screens had been retained would probably have become unreliable.

The next point relates to the testimony of James E. Goodman, who had died before the third trial, and whose testimony on the first trial was read. It is based on the twentieth and twenty-first assignments of error. The twentieth is that witness was allowed to use a memorandum to refresh his recollection; the twenty-first, that he was allowed to use a memorandum to which were appended values of the articles mentioned therein, in giving his testimony. The objection to the memorandum was that it had been made up by the witness and his wife and son in concert, each contributing some particulars of the inventory of personal property destroyed, and the values with which he or she was particularly acquainted; and it is now urged that this resulted in Mr. Goodman testifying to articles and values of which at first hand he knew nothing. But we find no such point raised by the exceptions. He was allowed to use it "to refresh his recollection," but for no other purpose. For that purpose it was entirely proper, although of course his testimony should have been restricted to items of which he had personal knowledge. He was then examined and cross-examined on various items without any question being raised whether he had such knowledge or not; and hence the court was not called upon to rule further than as above noted. Such ruling was correct.

The evidence as to existence of diaphragms on engines of the Central Railroad was proper as tending to throw light on other conditions obtaining in those engines with respect to appliances for preventing the escape of sparks. But it is com-

plained that the court should have charged the jury, as requested, to disregard all the diaphragm evidence as immaterial to the issue. We are not sure that it was immaterial to the issue; but it is a sufficient answer to say that defendant was fully protected by a charge that defendant was not required to install diaphragms and that no liability resulted from its failure to do so.

The other matters brought up need not be discussed at length. The fourth request, so far as defendant was entitled to have it charged, was covered by the second, which was charged. The same may be said of the fifth. The court charged the seventh, and in commenting on it said that due care in inspecting the screens meant a high degree of care. This was fully justified by the language of the statute that all practicable means to prevent the escape of fire shall be used. *Pamph. L.* 1903, *p.* 674, § 57. The eighteenth request was substantially covered by other portions of the charge so far as it did not consist of comment on the evidence.

No error was committed by the admission of the question to witness McDonald. The objection came too late, and the grounds urged were unintelligible. The question to the witness Goodman as to who would have occasion to go into the barn, was manifestly proper as bearing on the course of business at the barn. The witnesses Turner, Maxfield and Rehrig, if experts on screens, as is conceded, were obviously qualified to give testimony on the life of sparks.

The fact that the memorandum from which the witness Shannon testified was not offered in evidence, was no bar to his being cross-examined on it; whether it was a means of refreshing present recollection (*Wigm. Ev.,* § 762) or a record of past recollection. *Id.,* § 753.

The objection now made to question to witness Taylor was not made at the trial. The objection was that the testimony was irrelevant and incompetent; but it was certainly relevant, and the lack of personal knowledge of the witness, now urged for its exclusion, was not brought out until long afterward, on cross-examination; and there was no motion then made to strike it out.

The evidence as to cost of the farm buildings was clearly admissible on the question of damages. Of course, the cost was not the measure of damages, but such cost is a fact to be considered in ascertaining the fair value of the buildings at the time of the fire and from that the depreciation in value of the farm by reason of the fire.

We find no error in the record, and the judgment will accordingly be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 12.

*For reversal*—None.